IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED PLUMBING & HEATING
CO., INC.; MAURICE THOMAS, JR.;
CHARLOTTE T. THOMAS; HOMER L. THOMAS;
DEBBRA B. THOMAS; JOHN J. THOMAS; AND
KATHRYN R. THOMAS                                                        PLAINTIFFS

VS.                                               CIVIL ACTION NO. 3:05cv602-HTW-JCS

AMERICAN CONTRACTORS
INDEMNITY COMPANY                                                        DEFENDANT

## MOTION (WITH AUTHORITIES) TO DISSOLVE
## TEMPORARY RESTRAINING ORDER

NOW INTO COURT, through undersigned counsel, comes American Contractors Indemnity Company ("ACIC") and, pursuant to Rule 12(b)(1) and, alternatively, Rule 65(b), Federal Rules of Civil Procedure, respectfully moves the Court to dissolve the Order Granting Temporary Restraining Order ("the TRO") entered in this cause at 5:25 p.m., October 5, 2005.  In support thereof, ACIC shows as follows:

1.

As an initial proposition, and with great deference to the Court, ACIC raises lack of subject matter jurisdiction.  The letter of credit which is the subject both of the Complaint and of the TRO is exactly $75,000.  Accordingly, while there is complete diversity of citizenship between all of the plaintiffs and the defendant, the amount in controversy does not "**exceed** [ ] the sum or value of $75,000, exclusive of interest and costs", as required by 28 U.S.C. 1332(a).  (Emphasis added.)

2.

Aside from the jurisdictional issue, what the plaintiffs have asked the Court to do is to save them from the consequences of the obligations they willingly assumed when they induced ACIC to issue surety bonds.

3.

On April 18, 2002, each of the plaintiffs, jointly and severally, executed a General Indemnity Agreement to induce ACIC to issue bonds for and on behalf of United Plumbing & Heating Co., Inc. ("United"), one of the plaintiffs in this cause. A true and correct copy of the General Indemnity Agreement is attached to the plaintiffs' Complaint as Exhibit A.

4.

Pursuant to ¶ 2 of the aforesaid Agreement (Exhibit A to the Complaint), the plaintiffs agreed "to indemnify and hold [ACIC] harmless from and against any and all demands, liabilities, losses, costs, damages, attorney's fees and expenses of whatever kind or nature . . . which arise by reason of, or in consequences of, the execution by [ACIC] of any Bond on behalf of [United] . . .".

5.

Pursuant to ¶ 3 of the aforesaid Agreement, the plaintiffs granted RLI "the right in its sole and absolute discretion to determine whether any claims under any Bond or Bonds shall be paid, compromised, adjusted, defended, prosecuted or appealed".

6.

As acknowledged in ¶ 2 of their Complaint, ACIC required - - and United provided - - "collateral security" in the form of a $75,000 letter of credit, originally dated September 16, 2002. A true and correct copy of the amended letter of credit is attached to the plaintiffs' Complaint as Exhibit B. A true and correct copy of the original letter of credit is attached hereto as Exhibit 1.

7.

In reliance upon the General Indemnity Agreement and the letter of credit, ACIC executed and issued its Performance Bond and Payment Bond with respect to United's contract for construction of the Wee Care Child Care facility in Byram, Mississippi. United commenced performance of work on the Wee Care project and, by letter dated December 20, 2003, Wee Care advised ACIC's bond agent that Phase I of the project was "successfully completed" and that no bond would be needed for Phase II. Thereafter, United and Wee Care became involved in various disputes, and Wee Care called upon ACIC to complete the project in accordance with ACIC's performance bond.

8.

After investigating Wee Care's claim, ACIC advised Wee Care that the performance bond did not cover any of United's work under Phase II but that ACIC would procure completion of the project with a full reservation of its rights against Wee Care. ACIC also filed a declaratory judgment action with respect to its obligations, if any, respecting Wee Care's demands, and ACIC also joined as defendants in that cause the plaintiffs in this cause, seeking indemnification against them.

9.

In a separate action filed in the County Court of Rankin County, Clear River Construction Company, Inc. ("Clear River"), as subcontractor to United on the Wee Care project, sought to recover against both United and ACIC on the payment bond. ACIC answered that suit and denied liability, *inter alia*, for the reason that Clear River's work was part of Phase II of the Wee Care project and was not covered by ACIC's payment bond.

10.

In the spring of 2005, Clear River's attorney made a verbal demand upon ACIC's counsel, threatening a motion for summary judgment in the Rankin County Court action for the principal amount of the claim, interest and attorney's fees. Clear River's attorney urged that, even if - - as to Wee Care - - ACIC's bond did not extend beyond Phase I, no such defense was available to the claim of Clear River, "an innocent third party who performed work as a sub for United and who was not advised by Wee Care or United that the payment bond did not extend to Phase II work". Thereafter, ACIC and Clear River compromised the claim and ACIC paid Clear River $26,180.51.

11.

When ACIC compromised and paid Clear River's claim, it did what the plaintiffs expressly agreed ACIC was entitled to do, namely, "in its sole and absolute discretion to determine whether any claims under any Bond or Bonds shall be paid, compromised, adjusted, defended, prosecuted or appealed". ¶ 3, General Indemnity Agreement.

12.

The letter of credit - - issued by United's bank and at United's request - - gives ACIC the right to "draw hereunder by means of your draft on us at sight". (Exhibit B to Complaint). When ACIC exercised that right, the plaintiffs sought and obtained the TRO.

13.

The essence of the plaintiffs' request for the TRO is that "ACIC is violating the rights of the plaintiffs". ¶ 9, Complaint. In truth, the plaintiffs gave ACIC both the right to compromise the claim of Clear River and the right, under those circumstances, to draw upon the letter of credit. The plaintiffs should not be heard to complain that ACIC's rights under the indemnity agreement and the letter of credit should be abridged or restrained, and the TRO should be dissolved.

14.

The general rule, as reflected by the cases which follow, is that a surety who pays a claim in good faith is entitled to reimbursement from its indemnitors. In *Horne v. State Building Commission,* 103 So. 2d 373 (Miss. 1958), the contractor had defaulted, and the surety was called upon to complete the project under its performance bond. The indemnitor, like the plaintiffs here, refused to reimburse the surety, claiming that the surety's losses included items for which the contractor was not responsible. In holding the indemnitor liable to the surety in *Horne*, the Court observed:

> Under the indemnity agreements contained in the applications and the bonds, the principal, Horne, became liable to the surety for all sums paid by the surety on good faith under the belief that it was liable therefor whether liable or not, including costs, expenses and attorneys' fees . . .

5

103 So. 2d at 382.

15.

In *United States Fidelity & Guaranty Co. v. Jones*, 87 F.2d 346 (5th Cir. 1937), the contractor signed an indemnity agreement similar to the one at issue here, and the surety issued a bond on a construction project. When a lawsuit was filed against the contractor and its surety, the surety settled with one of the claimants. *Id*. at 347. Following the settlement, the surety sought indemnity from the contractor under the indemnity agreement, but the contractor denied liability. *Id.* at 347. The court noted that the surety settled in order to buy its peace and to avoid costly litigation, including the possibility of greater liability. *Id*. In holding for the surety, the Fifth Circuit found that a determination of liability against the surety was not a condition precedent to the surety's right to recover under the indemnity contract from the contractor. *Id*. at 348.

16.

In *Fidelity & Deposit Co. of Md. v. Lovell*, 108 F. Supp. 360 (S.D. Miss. 1952), the Court said: "It is elementary in the law of principal and surety that under such contracts the surety can recover of the principal such loss as it legally suffers because of the relationship." 108 F. Supp. at 365. From all of these cases it is well-established that a surety who pays claims and disbursements as a consequence of the surety relationship is entitled to full indemnity.

17.

If the Court overrules ACIC's jurisdictional objection, the Court still need not reach - - and has not been asked to decide - - the issue of ACIC's right of full indemnification from these plaintiffs. It is sufficient that ACIC is entitled to indemnify itself out of the funds drawn on the letter of credit.

WHEREFORE, ACIC prays that the TRO will be dissolved and that the Complaint will be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

**AMERICAN CONTRACTORS INDEMNITY COMPANY**

By:     s/ Ron A. Yarbrough
Ron A. Yarbrough (MSB No. 6630)
One of Its Attorneys

OF COUNSEL:

Ron A. Yarbrough
BRUNINI GRANTHAM GROWER & HEWES, PLLC
248 East Capitol Street, Suite 1400
P.O. Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 969-4140
Facsimile: (601) 960-6902

# CERTIFICATE OF SERVICE

I, Ron A. Yarbrough, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Mr. William W. Fulgham
Miller Fulgham, P.A.
P.O. Box 321386
Flowood, MS 39232-1386

This the 6th day of October, 2005.

                                                  s/ Ron A. Yarbrough
                                                Ron A. Yarbrough